**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JACKSON LEWIS LLP

> One North Broadway, 15th Floor
> White Plains, New York 10601
> (914) 328-0404
> Jonathan M. Kozak (JK 9619)

> 59 Maiden Lane, 39th Floor
> New York, New York  10038
> (212) 545-4000
> James R. Williams (JW 3006)
> Todd H. Girshon (TG 7947)

*Attorneys for Defendants*

------------------------------------------------------x

LISA M. REILLY

                         Plaintiff,

           - against -                  Case No. 08 CV 0205 (AKH)

REVLON, INC., DR. ROBERT KRASNER,
and LINDA PIACENTINI,

                        Defendants.

------------------------------------------------------x

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

       Defendants Revlon, Inc., Dr. Robert Krasner and Linda Piacentini (hereinafter as "Defendants"), by and through their attorneys, Jackson Lewis LLP, for their Answer to Plaintiff's Complaint herein state as follows:

### AS TO "PARTIES"

       1.     Defendant Revlon admits the allegations set forth in Paragraph 1 of Plaintiff's Complaint.

       2.     Defendant Dr. Krasner admits the allegations set forth in Paragraph 2 of Plaintiff's Complaint.

3.    Defendant Piacentini admits the allegations set forth in Paragraph 3 of Plaintiff's Complaint.

4.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 4 of Plaintiff's Complaint.

## AS TO "JURISDICTION"

5.    Defendants deny each and every allegation set forth in Paragraph 5 of the Complaint, except admit that Plaintiff purports that this Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

## AS TO "NATURE OF ACTION"

6.    Defendants deny each and every allegation set forth in Paragraph 6 of Plaintiff's Complaint, except admit that Plaintiff purports to bring this action for alleged violations of the New York State Human Rights Law ("NYSHRL"), Section 296 of the N.Y. Exec. Law; the New York City Human Rights Law ("NYCHRL"), Section 8-502 of the N.Y.C. Admin. Code; the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §2601 *et seq.*; the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101 *et seq.*; and the Pregnancy Discrimination Act of 1978 ("PDA"), 42 U.S.C. §2000 *et seq.*

7.    Defendants deny each and every allegation set forth in Paragraph 7 of Plaintiff's Complaint, except admit upon information and belief that Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and that the EEOC issued a Notice of Right to Sue.

8.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of Plaintiff's Complaint.

## AS TO "FACTS COMMON TO ALL CLAIMS FOR RELIEF"

9.    Defendant Revlon denies each and every allegation set forth in Paragraph 9 of Plaintiff's Complaint, except admits that MacAndrews & Forbes Holdings Inc. together with its affiliates ("M&F") is Revlon's majority stock holder.

10.    Defendants deny each and every allegation set forth in Paragraph 10 of Plaintiff's Complaint, except admit that Dr. Krasner was employed by M&F as Vice President of Medical Affairs and Dr. Krasner worked, at times, from Revlon's Medical Services Department.

11.    Defendants deny each and every allegation set forth in Paragraph 11 of Plaintiff's Complaint, except admit that Plaintiff was hired as an Executive Secretary in Revlon's Medical Services Department in or about May 1995, and that Dr. Krasner was Plaintiff's direct supervisor at certain times during her employment.

12.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 12 of Plaintiff's Complaint.

13.    Defendants deny each and every allegation set forth in Paragraph 13 of Plaintiff's Complaint, except admit that Plaintiff received positive performance reviews, including salary increases and bonuses at certain times during her employment.

14.    Defendants deny each and every allegation set forth in Paragraph 14 of Plaintiff's Complaint, except admit that Plaintiff was promoted to Manager of the Medical Services Department in or about 2000, and deny knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation regarding the source of bonuses paid to Plaintiff during her employment.

15.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of Plaintiff's Complaint.

16.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of Plaintiff's Complaint.

17.    Defendants admit the allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of Plaintiff's Complaint, except admits that Revlon's Medical Services Department was staffed at certain times by Dr. Krasner, Plaintiff and Bernadette Barry.

19.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of Plaintiff's Complaint, except admit that Bernadette Barry requested, and was granted, FMLA leave for the birth of her child beginning in or about June 2005 until in or about September 2005.

20.    Defendants deny each and every allegation set forth in Paragraph 20 of Plaintiff's Complaint.

21.    Defendants deny each and every allegation set forth in Paragraph 21 of Plaintiff's Complaint, except admit that on or about June 23, 2005 Revlon recognized Plaintiff and Ms. Barry for their years of service with the company and on that date Dr. Krasner was out of town on a business trip.

22.    Defendants deny each and every allegation set forth in Paragraph 22 of Plaintiff's Complaint.

23.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of Plaintiff's Complaint.

24.    Defendants deny each and every allegation set forth in Paragraph 24 of Plaintiff's Complaint.

25.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of Plaintiff's Complaint.

26.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of Plaintiff's Complaint.

27.    Defendants deny each and every allegation set forth in Paragraph 27 of Plaintiff's Complaint.

28.    Defendants deny each and every allegation set forth in Paragraph 28 of the Plaintiff's Complaint.

29.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of Plaintiff's Complaint.

30.    Defendants deny each and every allegation set forth in Paragraph 30 of Plaintiff's Complaint, except admit that Plaintiff was provided with a laptop computer and company cell phone upon her request.

31.    Defendants deny each and every allegation set forth in Paragraph 31 of Plaintiff's Complaint.

32.    Defendants deny each and every allegation set forth in Paragraph 32 of Plaintiff's Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff's alleged physical or mental condition.

33.    Defendants deny each and every allegation set forth in Paragraph 33 of Plaintiff's Complaint.

34.    Defendants deny each and every allegation set forth in Paragraph 34 of Plaintiff's Complaint.

35.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of Plaintiff's Complaint.

36.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of Plaintiff's Complaint.

37.    Defendants deny each and every allegation set forth in Paragraph 37 of Plaintiff's Complaint.

38.    Defendants deny each and every allegation set forth in Paragraph 38 of Plaintiff's Complaint.

39.    Defendants deny each and every allegation set forth in Paragraph 39 of Plaintiff's Complaint.

40.    Defendants deny each and every allegation set forth in Paragraph 40 of Plaintiff's Complaint.

41.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of Plaintiff's Complaint.

42.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of Plaintiff's Complaint.

43.    Defendants deny each and every allegation set forth in Paragraph 43 of Plaintiff's Complaint, except deny knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations regarding the location where Plaintiff gave birth and the date on which Plaintiff gave birth.

44.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of Plaintiff's Complaint, except admit upon information and belief that Plaintiff was admitted for in-patient care at Payne Whitney Psychiatric Clinic of New York Presbyterian Hospital.

45.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of Plaintiff's Complaint.

46.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of Plaintiff's Complaint, except admit that Dr. Krasner visited Plaintiff while she was being treated at Payne Whitney Psychiatric Clinic.

47.    Defendants deny each and every allegation set forth in Paragraph 47 of Plaintiff's Complaint.

48.    Defendants deny each and every allegation set forth in Paragraph 48 of Plaintiff's Complaint.

49.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph 49 of Plaintiff's Complaint.

50.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of Plaintiff's Complaint.

51.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 of Plaintiff's Complaint.

52.    Defendants deny each and every allegation set forth in Paragraph 52 of Plaintiff's Complaint, except refer to the document referenced therein for its contents.

53.    Defendants deny each and every allegation set forth in Paragraph 53 of Plaintiff's Complaint.

54.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 54 of Plaintiff's Complaint.

55.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55 of Plaintiff's Complaint.

56.     Defendants deny each and every allegation set forth in Paragraph 56 of Plaintiff's Complaint.

57.     Defendants deny each and every allegation set forth in Paragraph 57 of Plaintiff's Complaint.

58.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 of Plaintiff's Complaint.

59.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59 of Plaintiff's Complaint.

60.     Defendants deny each and every allegation set forth in Paragraph 60 of Plaintiff's Complaint.

61.     Defendants deny each and every allegation set forth in Paragraph 61 of Plaintiff's Complaint.

62.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 62 of Plaintiff's Complaint.

63.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 63 of Plaintiff's Complaint.

64.     Defendants deny each and every allegation set forth in Paragraph 64 of Plaintiff's Complaint, except admit that Ms. Piacentini notified Plaintiff that her employment would be terminated as of February 28, 2006.

65.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 65 of Plaintiff's Complaint.

66.    Defendants deny each and every allegation set forth in Paragraph 66 of Plaintiff's Complaint.

67.    Defendants deny each and every allegation set forth in Paragraph 67 of Plaintiff's Complaint, except refer to the documents referenced therein for their contents.

68.    Defendants deny each and every allegation set forth in Paragraph 68 of Plaintiff's Complaint, except refer to the document referenced therein for its contents.

69.    Defendants deny each and every allegation set forth in Paragraph 69 of Plaintiff's Complaint.

70.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 70 of Plaintiff's Complaint.

71.    Defendants deny each and every allegation set forth in Paragraph 71 of Plaintiff's Complaint.

72.    Defendants deny each and every allegation set forth in Paragraph 72 of Plaintiff's Complaint.

73.    Defendants deny each and every allegation set forth in Paragraph 73 of Plaintiff's Complaint.

74.    Defendants deny each and every allegation set forth in Paragraph 74 of Plaintiff's Complaint.

## AS TO "FIRST CLAIM FOR RELIEF AGAINST REVLON
## (ADA Violation)"

75.    Defendants repeat and re-allege their responses to Paragraphs "1" through "74" of Plaintiff's Complaint as though fully set forth herein in response to Paragraph 75 of Plaintiff's Complaint.

76.    Defendants deny each and every allegation set forth in Paragraph 76 of Plaintiff's Complaint.

77.    Defendants deny each and every allegation set forth in Paragraph 77 of Plaintiff's Complaint.

78.    Defendants deny each and every allegation set forth in Paragraph 78 of Plaintiff's Complaint.

79.    Defendants deny each and every allegation set forth in Paragraph 79 of Plaintiff's Complaint.

## AS TO "SECOND CLAIM FOR RELIEF AGAINST REVLON
## (PDA Violation)"

80.    Defendants repeat and re-allege their responses to Paragraphs "1" through "79" of Plaintiff's Complaint as though fully set forth herein in response to Paragraph 80 of Plaintiff's Complaint.

81.    Defendants deny each and every allegation set forth in Paragraph 81 of Plaintiff's Complaint.

82.    Defendants deny each and every allegation set forth in Paragraph 82 of Plaintiff's Complaint.

## AS TO "THIRD CLAIM FOR RELIEF AGAINST REVLON,
## DR. KRASNER AND PIACENTINI
### (Interference with FMLA Rights)"

83.     Defendants repeat and re-allege their responses to Paragraphs "1" through "82" of Plaintiff's Complaint as though fully set forth herein in response to Paragraph 83 of Plaintiff's Complaint.

84.     Defendants deny each and every allegation set forth in Paragraph 84 of Plaintiff's Complaint.

85.     Defendants deny each and every allegation set forth in Paragraph 85 of Plaintiff's Complaint.

86.     Defendants deny each and every allegation set forth in Paragraph 86 of Plaintiff's Complaint.

87.     Defendants deny each and every allegation set forth in Paragraph 87 of Plaintiff's Complaint.

## AS TO "FOURTH CLAIM FOR RELIEF AGAINST REVLON,
## DR. KRASNER AND PIACENTINI
### (Retaliation in Violation of FMLA)"

88.     Defendants repeat and re-allege their responses to Paragraphs "1" through "87" of Plaintiff's Complaint as though fully set forth herein in response to Paragraph 88 of Plaintiff's Complaint.

89.     Defendants deny each and every allegation set forth in Paragraph 89 of Plaintiff's Complaint.

90.     Defendants deny each and every allegation set forth in Paragraph 90 of Plaintiff's Complaint.

## AS TO "FIFTH CLAIM FOR RELIEF AGAINST REVLON
### (Violation of NYSHRL, N.Y. Exec. Law §296.1(1))"

91.     Defendants repeat and re-allege their responses to Paragraphs "1" through "90" of Plaintiff's Complaint as though fully set forth herein in response to Paragraph 91 of Plaintiff's Complaint.

92.     Defendants deny each and every allegation set forth in Paragraph 92 of Plaintiff's Complaint.

93.     Defendants deny each and every allegation set forth in Paragraph 93 of Plaintiff's Complaint.

## AS TO "SIXTH CLAIM FOR RELIEF AGAINST REVLON
### (Violation of NYSHRL, N.Y. Exec. Law §296.6)"

94.     Defendants repeat and re-allege their responses to Paragraphs "1" through "93" of Plaintiff's Complaint as though fully set forth herein in response to Paragraph 94 of Plaintiff's Complaint.

95.     Defendants deny each and every allegation set forth in Paragraph 95 of Plaintiff's Complaint.

96.     Defendants deny each and every allegation set forth in Paragraph 96 of Plaintiff's Complaint.

## AS TO "SEVENTH CLAIM FOR RELIEF AGAINST PIACENTINI
### (Aiding and Abetting- Violation of NYSHRL, N.Y. Exec. Law §296.6)"

97.     Defendants repeat and re-allege their responses to Paragraphs "1" through "96" of Plaintiff's Complaint as though fully set forth herein in response to Paragraph 97 of Plaintiff's Complaint.

98.     Defendants deny each and every allegation set forth in Paragraph 98 of Plaintiff's Complaint.

99.    Defendants deny each and every allegation set forth in Paragraph 99 of Plaintiff's Complaint.

## AS TO "EIGHTH CLAIM FOR RELIEF AGAINST DR. KRASNER (Aiding and Abetting- Violation of NYSHRL, N.Y. Exec. Law §296.6)"

100.    Defendants repeat and re-allege their responses to Paragraphs "1" through "99" of Plaintiff's Complaint as though fully set forth herein in response to Paragraph 100 of Plaintiff's Complaint.

101.    Defendants deny each and every allegation set forth in Paragraph 101 of Plaintiff's Complaint.

102.    Defendants deny each and every allegation set forth in Paragraph 102 of Plaintiff's Complaint.

## AS TO "NINTH CLAIM FOR RELIEF AGAINST REVLON (Violation of NYCHRL, N.Y. Admin. Code §8-107)"

103.    Defendants repeat and re-allege their responses to Paragraphs "1" through "102" of Plaintiff's Complaint as though fully set forth herein in response to Paragraph 103 of Plaintiff's Complaint.

104.    Defendants deny each and every allegation set forth in Paragraph 104 of Plaintiff's Complaint.

105.    Defendants deny each and every allegation set forth in Paragraph 105 of Plaintiff's Complaint.

## AS TO "TENTH CLAIM FOR RELIEF AGAINST REVLON (Violation of NYCHRL, N.Y. Admin. Code §8-107)"

106.    Defendants repeat and re-allege their responses to Paragraphs "1" through "105" of Plaintiff's Complaint as though fully set forth herein in response to Paragraph 106 of Plaintiff's Complaint.

107.    Defendants deny each and every allegation set forth in Paragraph 107 of Plaintiff's Complaint.

108.    Defendants deny each and every allegation set forth in Paragraph 108 of Plaintiff's Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

109.    The Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

110.    The Complaint fails to state a claim, in whole or in part, upon which compensatory and/or punitive damages may be awarded.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

111.    Defendants' actions regarding Plaintiff were at all times based upon legitimate, non-discriminatory, and non-retaliatory factors and/or business reasons.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

112.    Plaintiff has failed to make diligent and good faith efforts to mitigate her damages, if any, and as such, she is not eligible to receive lost wages and/or other relief.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

113.    At all times relevant hereto, Defendants acted in good faith, for good cause, for legitimate business reasons unrelated to Plaintiff's pregnancy, alleged disability, any request and/or utilization of leave under the FMLA or any other protected category, and did not violate any rights which may be secured to Plaintiff under any federal, state, city or local laws, rules, regulations, codes or guidelines.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

114.  Plaintiff's claims against Defendants are barred, in whole or in part, by the applicable statutes of limitations.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

115.  Plaintiff is not entitled to punitive damages and/or attorneys' fees and the prayers for such relief should be denied.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

116.  Plaintiff's employment, at all times relevant to this action, was at-will and could be terminated by Plaintiff or Defendants for any reason and at any time, with or without notice.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

117.  Plaintiff's claims against Defendants are barred, in whole or in part, because Plaintiff has failed to exhaust her administrative remedies and to satisfy certain conditions precedent and/or jurisdictional prerequisites to instituting suit against Defendants.

## AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

118.  Plaintiff's claims against Dr. Krasner and Ms. Piacentini must be dismissed because they did not aid or abet any unlawful discriminatory acts.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

119.  Plaintiff's claims against Dr. Krasner and Ms. Piacentini must be dismissed because Plaintiff cannot establish a claim against Defendant Revlon.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

120.  Plaintiff's claims against Dr. Krasner and Ms. Piacentini should be dismissed because they were not Plaintiff's employer as defined under the applicable statutes.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

121.    Defendants did not condone, acquiesce, or in any manner encourage any unlawful discriminatory conduct.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

122.    Plaintiff's claims, in whole or in part, are barred by the Doctrine of After-Acquired Evidence.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

123.    Plaintiff cannot meet her burden to establish that she is an individual with a "disability" as defined by the ADA or any New York State or City law.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

124.    Plaintiff cannot meet her burden to establish that Defendants treated, perceived or regarded Plaintiff as an individual who was disabled.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

125.    Defendants provided reasonable accommodations to Plaintiff, and any further accommodation purportedly sought by Plaintiff was not reasonable.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

126.    Plaintiff's claims are barred, in whole or part, because Plaintiff's continued employment and/or granting any reasonable accommodation Plaintiff sought or desired would have posed an undue hardship.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

127.    Plaintiff's claims for compensatory and punitive damages are barred in whole or part, by the Civil Rights Act of 1991 and because Defendants engaged in an interactive dialogue about potential reasonable accommodations.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

128.    All actions taken by Defendants with respect to Plaintiff's employment were made in good faith and without intent to discriminate, retaliate, or interfere with Plaintiff's exercise of rights, if any, conferred by the FMLA. Defendants deny that they had any discriminatory or retaliatory motive or intent in any action taken with respect to Plaintiff's employment.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

129.    Plaintiff's claim fails because each of her requests for FMLA leave was granted and, therefore, she suffered no adverse employment action as a result thereof.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

130.    In the event liability is established pursuant to the Administrative Code of the City of New York § 8-101 et seq. based on the conduct of an employee, agent, or independent contractor, Defendants reserve their rights under the Administrative Code of the City of New York § 8-107(13) to demonstrate all relevant factors to be considered in determination of liability and in mitigation of any damages, including but not limited to Defendants' implementation and compliance with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices by employees, agents and persons employed as independent contractors.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

131.    Defendants reserve the right to amend or add additional affirmative defenses or counter-claims, which may become known during the course of discovery.

WHEREFORE, Defendants respectfully request that this Court:

1.    Dismiss Plaintiff's Complaint in its entirety and all claims for relief set forth therein, with prejudice;

2.    Deny each and every demand for relief as set forth in Plaintiff's Complaint;

3.    Award Defendants the reasonable attorneys' fees and costs they incur in defending this action, and

4.    Grant such other and further relief as this Court may find to be just and proper.

Respectfully submitted,

JACKSON LEWIS LLP

One North Broadway, 15th Floor
White Plains, New York 10601
(914) 328-0404
(914) 328-1882 Facsimile

59 Maiden Lane, 39th Floor
New York, New York 10038-4502
(212) 545-4000
(212) 972-3213 Facsimile

By: _____

James R. Williams (JW 3006)
Todd H. Girshon (TG 7947)
Jonathan M. Kozak (JK 9619)

*ATTORNEYS FOR DEFENDANTS*

Dated:   February 4, 2008
         White Plains, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP

> One North Broadway, 15th Floor
> White Plains, New York 10601
> (914) 328-0404
> Jonathan M. Kozak (JK 9619)

> 59 Maiden Lane, 39th Floor
> New York, New York  10038
> (212) 545-4000
> James R. Williams (JW 3006)
> Todd H. Girshon (TG 7947)

*Attorneys for Defendants*

-------------------------------------------------------x

LISA M. REILLY

                                   Plaintiff,

          - against -                                    Case No. 08 CV 0205 (AKH)

REVLON, INC., DR. ROBERT KRASNER,
and LINDA PIACENTINI,

                                   Defendants.
-------------------------------------------------------x

## CERTIFICATE OF SERVICE

         I, hereby certify that a true and correct copy of Defendants' Answer to Plaintiff's

Complaint was served via Federal Express, overnight mail, on February 4, 2008 upon:

Evan Sarzin, Esq.<br>
Law Offices of Evan Sarzin, P.C.<br>
40 Exchange Place, Suite 1300<br>
New York, New York 10005<br>
<em>Attorneys for Plaintiff</em>

                                        _____
                                        Jonathan M. Kozak