UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP

    One North Broadway, 15th Floor
    White Plains, New York 10601
    (914) 328-0404
    Jonathan M. Kozak (JK 9619)

    59 Maiden Lane, 39th Floor
    New York, New York 10038
    (212) 545-4000
    James R. Williams (JW 3006)
    Todd H. Girshon (TG 7947)

*Attorneys for Defendants*

---------------------------------------------------------------x

LISA M. REILLY,

                Plaintiff,

       v.                     Case No. 08 CV 0205 (CM)(MHD)

REVLON, INC., DR. ROBERT KRASNER
AND LINDA PIACENTINI,

                Defendants.

---------------------------------------------------------------x

## DEFENDANTS' PROPOSED VOIR DIRE QUESTIONS

        Defendants Revlon, Inc., ("Revlon") Dr. Robert Krasner and Linda Piacentini ("Defendants"), by and through its attorneys, Jackson Lewis LLP, respectfully requests that the Court include the following questions in its examination of prospective jurors pursuant to Rule 47(a) of the Federal Rules of Civil Procedure. The Court is requested to pursue more detailed questioning if a particular juror's answer reveals that further inquiry is appropriate and, in such instances, to include an inquiry as to whether the particular fact or circumstance would affect the juror's ability to render a fair and impartial verdict, or influence the juror in favor of or against the Plaintiff or Defendants.

## INTRODUCTION

Plaintiff Lisa M. Reilly, a former employee of Revlon, brings this action against Revlon, Dr. Krasner and Ms. Piacentini for alleged disability and pregnancy discrimination, failure to provide a reasonable accommodation, and for interference and retaliation in violation of the Family Medical Leave Act ("FMLA"). Defendants deny these allegations.

The jury selection process is called "voir dire." It is very important that you follow your oath to tell the truth in answering my questions. Before we begin voir dire, I will explain certain things that may occur. As I direct questions to you, you may notice the parties taking notes on your responses. The parties may also have a chart with your names listed in the proper seating order; this is done so they can remember who you are. During the course of this process, the parties may excuse certain jurors.

In order to learn what experiences you have had that may affect your evaluation of the evidence, at times I may ask you questions that could seem offensive or prying. I am not trying to make you feel uncomfortable or embarrassed. Rather, I am trying to assist the parties to the case in finding out more about you as jurors.

If, in answer to any of my questions or otherwise, there is any matter you would prefer to discuss with me privately, please say so, and the attorneys and I will hear from you outside of the presence of the other jurors.

## RELATIONSHIP QUESTIONS

1. Does any juror have any personal knowledge of the allegations of the Complaint as I have described them?

2. Does any juror know, or has he or she had any dealings, either directly or indirectly with, or has he or she heard of the Plaintiff, Lisa M. Reilly, or any relatives, friends or

associates of Ms. Reilly? Does any juror have any relatives, friends, associates, employers or employees who have, or have had, any dealings with Ms. Reilly? If so, what is the nature of the contact or relationship, or what have you heard about that contact or relationship?

3. Does any juror know, or has he or she had any dealings, either directly or indirectly with Revlon, Dr. Krasner or Ms. Piacentini or with Revlon's majority shareholder MacAndrews & Forbes Holding, Inc. ("MacAndrews & Forbes") or any of MacAndrews & Forbes' subsidiaries? Does any juror have any relatives, friends, associates, employers or employees who have, or have had any dealings with Revlon, Dr. Krasner, Ms. Piacentini, MacAndrews & Forbes or any of MacAndrews & Forbes' subsidiaries? If so, what is the nature of the contact or relationship, or what have you heard about that contact or relationship?

4. The plaintiff is represented here by attorneys Evan Sarzin and Karen Goldman, who are with the law firm Law Offices of Evan Sarzin, P.C. located in New York, New York. Does any juror know Mr. Sarzin or Ms. Goldman? Has any juror had any dealings, either directly or indirectly, with any of these individuals, their relatives or any employees of their law firm? If so, what is the nature of the contact or relationship, or what have you heard about them?

5. Defendants are represented here by attorneys James R. Williams, Todd H. Girshon and Jonathan M. Kozak, who are with the law firm Jackson Lewis LLP. In addition, Revlon is also represented by attorney Mark W. Pawlak. Does any juror know Mr. Williams, Mr. Girshon, Mr. Kozak or Mr. Pawlak? Has any juror had any dealings, either directly or indirectly, with any of these individuals, their relatives or any employees of their law firm? If so, what is the nature of the contact or relationship, or what have you heard about them?

6. Does any juror know, or has he or she had any dealings, either directly or

indirectly with, or has he or she heard of, any of the following individuals who may be witnesses in this case, or who may be mentioned during this trial, or members of their families?

a. Plaintiff Lisa Reilly
b. Dr. Robert Krasner
c. Linda Piacentini
d. Myriam Ovalle
e. Helen Pliner
f. Mary Massimo
g. Debbie Goon
h. Karen Kenny
i. Daren Pratt
j. Judith Yadda
k. Dr. Judith Gold
l. Bernadette Barry
m. Victoria Heron
n. Tracy Reilly
o. Barbara Reilly
p. Terrance Leo Mann
q. Thomas W. Reilly
r. Erin Reilly
s. Thomas P. Reilly
t. Laurie Sammon
u. Dr. Steven Simring

v. Gregory Rogers.

If so, what is the nature of the contact or relationship, or what have you heard about them?

7. Have you, or any member of your family, or any close friend, ever been involved as a plaintiff or defendant in litigation? If yes, please state the circumstances of the litigation.

8. Has any juror, or any member of his or her family, or someone he or she knows, ever been employed by Revlon, MacAndrews & Forbes or any of its subsidiaries? If so, what kind of work did/does that person do? Has that person ever expressed any opinion about Revlon, MacAndrews & Forbes' or any of its subsidiaries? Would this affect your ability to decide this case in an impartial manner?

9. Have you, or any member of your family, or any close friend, ever had any kind of problem with Revlon, MacAndrews & Forbes' or any of its subsidiaries? If yes, what kind of problem?

10. Do you, or any member of your family, or any close friend, know anyone employed by Revlon, MacAndrews & Forbes' or any of its subsidiaries? Who? How do you know him or her?

11. Do you have any opinion about the reputation of Revlon, MacAndrews & Forbes' or any of its subsidiaries, or any opinion regarding how they treat their employees? If yes, please explain.

12. Has any juror, or any member of his or her family, or any close friend, ever been involved as a witness or a party in a lawsuit where Revlon, MacAndrews & Forbes' or any of its subsidiaries was a party? If yes, please state the circumstances of the litigation.

13. Has any juror ever read anything about Revlon, MacAndrews & Forbes' or any of their subsidiaries in a newspaper or watched anything about Revlon, MacAndrews & Forbes' or any of its subsidiaries on television? If so, would this affect your ability to decide this case in an impartial manner?

14. Have you, or any member of your family, or any of your close friends, ever had any business relationship or other dealings, with Revlon, MacAndrews & Forbes' or any of its subsidiaries? If so:

    (a)    What was the nature of the dealings?

    (b)    Have you, your family member or your friend ever had any problems or other negative experiences with either company?

    (c)    Have you, your family member or friend ever had any disagreement, problems or other negative experiences with either company?

    (d)    If so, how do you, your family member or friend feel about the company?

## PERSONAL HISTORY QUESTIONS

15. Where do you live? How long have you lived there?

16. Who are the members of your household?

17. Do you have children? How old are they?

18. Have you ever served as a juror before?

    a.    If so, when?

    b.    What kind of case was it?

    c.    Did the jury reach a verdict in that case?

19. Have you, or has any member of your family or any close personal friend, to your knowledge, ever filed any kind of claim, action, charge, complaint or lawsuit against an employer? If yes, please explain.

20. What is your educational background?

21. What do you do in your leisure time?

22. Do you belong to any political, community or other organizations or associations? If so, please describe.

23. Do you now or have you ever worked as a lawyer or worked for a lawyer? What kind of legal practice do you/did you work in? Have you ever handled or worked on an employment discrimination case? Please explain.

24. Do you have any friends or relatives who are lawyers or who work for lawyers? Do any of these people work on employment discrimination cases or claims? Please explain.

25. Have you ever been subject to any professional disciplinary proceedings?

## **EMPLOYMENT QUESTIONS**

26. Are you employed?

27. Have you ever experienced a period of unemployment during the past five (5) years?

28. Where do you work now (or at your last job)?

29. How long have you been (were you) employed there?

30. What is (was) your title?

31. What are (were) your job duties?

32. If self-employed, what is the nature of your business?

33. Have you ever belonged to a labor union or been involved in any union activities? If yes, please describe.

34. Have you ever been employed by any agency of the local, state or federal government? If yes, please describe.

35. Do you have any background in personnel staffing, human resources or employee position classification? If yes, please describe.

36. Have you, or any member of your family, or any of your close friends, ever worked in health care or the medical service provider industry? If yes, please explain.

37. Do you, or have you ever, supervised other employees?

38. Have you, any member of your family or any close friend, ever been disciplined, suspended, laid off or fired? If yes, please describe the circumstances and how you/they feel about it.

39. Have you, any member of your family, or any of your close friends, ever been mistreated on the job? If so, please describe the circumstances. How do you, your family member or friend feel about what happened?

40. Have you, any member of your family or close personal friend, to your knowledge, ever encountered difficulties on the job with a coworker or supervisor? If yes, please describe the circumstances and how you/they feel about it.

41. Have you, any member of your family or a close friend ever been pregnant? Were you/they employed at the time? Did you/they take a maternity-related leave of absence? Did you/they return to the job following the leave? Why or why not?

42. Have you, any member of your family or any of your close friends ever experienced or been treated for depression, including postpartum depression? If yes, when?

Please describe the severity and duration of the condition.

43. Have you, any member of your family, or any of your close friends, ever taken a leave of absence for medical or other reasons from your/their job? If so, please describe the circumstances.

44. Have you, or any member of your family, or any of your close friends, ever required an accommodation because of a medical condition from your/their employer to perform the job? If so, please describe the circumstances.

45. Have you, or has any member of your family or close personal friend, to your knowledge, ever sued your or their employer? If yes, please describe the circumstances.

46. Have you ever thought about suing an employer for any reason?

## **QUESTIONS CONCERNING DISCRIMINATION ISSUES**

47. Have you, or has any member of your family or a close personal friend, ever felt or believed that you or they were discriminated against either on the job or elsewhere? Do you know anybody who has been discriminated against on his or her job or elsewhere? If yes, please explain.

48. Have you, any member of your family or close personal friend ever made an informal or formal complaint of discrimination? If yes, please describe.

49. Have you ever been a witness or provided testimony about any informal or formal complaint of discrimination? If yes, please describe.

50. Have you ever acted as a counselor or an investigator in an employment discrimination case?

51. Have you, or has any member of your family or any close personal friend, worked for or had contact with the Equal Employment Opportunity Commission, the New York

State Division of Human Rights or any other administrative or government agency charged with enforcing anti-discrimination laws? If yes, please describe.

52. Has your job ever required you to make any unpleasant decisions that affected others?

## ABILITY TO FOLLOW THE PROCEEDINGS

53. Do you have any problem hearing or seeing, or any problem reading, speaking or understanding the English language?

54. Do you have any medical, physical or psychological condition that would make it difficult for you to serve as a juror?

55. Do you have any specific problems at home or at work that might interfere with your ability to concentrate on the case during trial?

## ABILITY TO RENDER FAIR VERDICT GENERALLY

56. Do you have any personal prior knowledge of this lawsuit?

57. Would you entertain any prejudice against Revlon, Dr. Krasner or Ms. Piacentini or sympathize with Plaintiff Lisa Reilly, because of the claims she has alleged in this case?

58. Have you read, heard or witnessed anything in the mass media concerning allegations about denial of a reasonable accommodation, discrimination, interference or retaliation in or out of the workplace that you feel would cause you to sympathize with or entertain prejudice against either party in this case?

59. Do you have any preconceived opinions about corporations and whether they treat their employees differently because of their pregnancy, disability or need to take family/medical leave?

60. Is there any reason why you would tend to give a plaintiff's testimony more or less weight than a defendant's testimony on the same subject?

61. Do you think that supervisors, or other executive level employees who are being accused of unlawful discrimination are less trustworthy witnesses because of the nature of the charges or because they want to protect their jobs or reputations?

62. Do you feel that you can set aside any opinion you might have now about this case and decide the case on the evidence presented in court?

63. Will you have any difficulty keeping an open mind until hearing all the evidence, the arguments of both sides and the instructions on the law I will give you?

64. Do you believe Revlon, Dr. Krasner and Ms. Piacentini are entitled to the same fair and impartial treatment by you as a juror as the plaintiff is entitled to in this case?

65. If, after hearing all the evidence in this case, you felt sorry for the plaintiff but you also found that she had not been subject to unlawful conduct, would you be prepared to find for the Defendants and deny Plaintiff any award of damages?

66. If Plaintiff fails to prove that she was discriminated against on the basis of her pregnancy or disability, denied a reasonable accommodation because of her purported disability, retaliated against, or had her rights interfered with under the FMLA would you be able to find in favor of Defendants even if you disagree with Defendants' business reasons for decisions affecting Plaintiff's employment?

67. As a result of any of your life experiences, do you believe there is anything that would cause you to lean in favor of either Plaintiff or Defendants in this case?

68. Do you have any concern about your ability to serve as a fair and impartial juror on a case involving a corporation as a defendant?

## ABILITY TO APPLY THE LAW AS GIVEN BY THE COURT

69. Under our system of justice, decisions concerning the facts of the case are the responsibility of the jury, and decisions concerning the law are the responsibility of the Court. Those responsibilities are separate and distinct, and just as the Court may not intrude upon your area of responsibility, you may not intrude upon the Court's. At the close of this trial, I will instruct you as to the law that you are to apply in your deliberations. When I give you the law, you are required to accept it as stated. With this in mind, do you feel that for any reason you may not be willing or may not be able to apply the law as given by the Court?

70. Do you feel that you would be able to follow the Court's instructions regarding the law to be applied to this case even if you disagreed with the Court's instructions or felt that the law ought to be something different from what the Court tells you?

71. Will you be able to accept the Court's legal instruction that sympathy must not enter into the deliberations of the jurors, and that only the evidence presented here in court may be considered in your deliberations?

72. If you are selected as a juror, could you find against Lisa Reilly if the evidence shows she has not proven her claims, even if you personally liked her?

## CONCLUDING QUESTIONS

73. Is there any matter not covered by my questions that should be brought to my attention because it would affect your ability to sit as a juror in this case and to render a fair and impartial verdict?

74. Do you know of any reason why you should not be a juror in this case? If yes, please explain.

## INSTRUCTIONS FOLLOWING IMPANELING OF THE JURY

75. From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case. It is your duty not to discuss this case among yourselves or with others, or to permit others to speak to you about this case. This rule about not discussing the case with others includes even with members of your own family or friends. In fact, the plaintiff, her attorneys, and the defendants' attorneys have all been instructed not to speak with you at all, not even to offer a friendly greeting. So don't be surprised if they fail to acknowledge your presence if you should see them at times when the trial is not in progress. They are not being rude to you. They are simply following my instructions. Should you find yourselves in the presence of other persons who are discussing the case, it is your duty to remove yourself from that discussion.

76. If any person should attempt to communicate with you about this case at any time throughout the trial, you must immediately report that to the Judge, and to no one else. When I say report that to no one else, I mean that you should not tell anyone, including your fellow jurors.

\*     \*     \*     \*     \*

Respectfully submitted,

JACKSON LEWIS LLP

One North Broadway, 15th Floor
White Plains, New York 10601
(914) 328-0404
(914) 328-1882 Facsimile

59 Maiden Lane, 39th Floor
New York, New York 10038
(212) 545-4000
(212) 972-3213 Facsimile

By: _____
James R. Williams (JW 3006)
williamj@jacksonlewis.com
Todd H. Girshon (TG 7947)
girshont@jacksonlewis.com
Jonathan M. Kozak (JK 9619)
kozakj@jacksonlewis.com

*ATTORNEYS FOR DEFENDANTS*

Dated: October 6, 2008
White Plains, New York
New York, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP

    One North Broadway, 15th Floor
    White Plains, New York 10601
    (914) 328-0404
    Jonathan M. Kozak (JK 9619)

    59 Maiden Lane, 39th Floor
    New York, New York 10038
    (212) 545-4000
    James R. Williams (JW 3006)
    Todd H. Girshon (TG 7947)

*Attorneys for Defendants*

---------------------------------------------------------------x

LISA M. REILLY

                Plaintiff,

    - against -                Case No. 08 CV 0205 (AKH)

REVLON, INC., DR. ROBERT KRASNER,
and LINDA PIACENTINI,

                Defendants.

---------------------------------------------------------------x

## CERTIFICATE OF SERVICE

    I, hereby certify that a true and correct copy of Defendants' Proposed Voir Dire, via Federal Express overnight mail, postage prepaid, on October 6, 2008 upon:

        Evan Sarzin, Esq.
        Law Offices of Evan Sarzin, P.C.
        40 Exchange Place, Suite 1300
        New York, New York 10005
        *Attorneys for Plaintiff*

                                      _____
                                      Jonathan M. Kozak