UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP

One North Broadway, 15th Floor
White Plains, New York 10601
(914) 328-0404
Jonathan M. Kozak (JK 9619)

59 Maiden Lane, 39th Floor
New York, New York 10038
(212) 545-4000
James R. Williams (JW 3006)
Todd H. Girshon (TG 7947)

*Attorneys for Defendants*

------------------------------------------------------x

LISA M. REILLY,

                          Plaintiff,

              v.                                          Case No. 08 CV 0205 (CM)(MHD)

REVLON, INC., DR. ROBERT KRASNER
AND LINDA PIACENTINI,

                          Defendants.

------------------------------------------------------x

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE CERTAIN EVIDENCE

TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ................................. 1

POINT I ................................................................................................................... 3

    PLAINTIFF SHOULD NOT BE PERMITTED TO OFFER EVIDENCE
    CONCERNING THE CLAIMS DISMISSED BY THIS COURT TO
    SUPPORT HER REMAINING DISABILITY DISCRIMINATION CLAIMS. ........................ 3

        A.   Evidence Regarding Claims Dismissed On Summary Judgment Is Irrelevant. .......... 4

        B.   Evidence Regarding Claims Dismissed On Summary Judgment Should Be
            Precluded To Avoid Unfair Prejudice And Confusion Of The Issues. ....................... 7

POINT II .................................................................................................................. 9

    PLAINTIFF SHOULD NOT BE PERMITTED TO OFFER IN EVIDENCE
    ANY VERSION OF HER TIMELINE/DIARY, WHICH CONTAINS IRRELEVANT,
    INADMISSIBLE AND/OR PREJUDICIAL INFORMATION, WHICH SHE DID NOT
    PREPARE CONTEMPORANIOUS WITH THE EVENTS DESCRIBED THEREIN. ........... 9

POINT III ............................................................................................................... 10

    PLAINTIFF'S TREATING PHYSICIAN, JUDITH GOLD, SHOULD
    NOT BE PRESENTED AS AN EXPERT AT TRIAL, NOR SHOULD
    DR. GOLD BE PERMITTED TO OFFER ANY OPINION TESTIMONY. ............................ 10

        A.   Plaintiff Failed To Comply With The Applicable Discovery Deadlines.................. 11

        B.   Dr. Gold Was Not Properly, Or Timely, Identified As An Expert Witness.............. 12

        C.   Dr. Gold Should Be Precluded From Offering Any Opinion Testimony.................. 13

POINT IV ............................................................................................................... 15

    PLAINTIFF SHOULD BE PRECLUDED FROM PRESENTING EVIDENCE
    OF BACK PAY DAMAGES FROM AFTER DECEMBER 15, 2006 ................................. 15

CONCLUSION ...................................................................................................... 16

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Allan v. Springville City*, 2:00 CV887K, 2003 U.S. Dist. LEXIS 27190 (D. Utah May 16, 2003) .......................................................................................................................4

*Baxter Diagnostics, Inc. v. Novaiek Medical, Inc., 99 Civ. Civ. 5220*, 1998 U.S. Dist. LEXIS 15093 (S.D.N.Y. Sept. 25, 1998) .............................................4

*DeFelice v. Amer. International Life Assurance Co. of New York*, 112 F.3d 61 (2d Cir. 1997) ......................................................................................................................8

*Jones v. N.Y.C. Health and Hospital Corp.*, Case No. 00 Civ. 7002, 2003 U.S. Dist. LEXIS 9014 (S.D.N.Y. May 29, 2003) ......................................................................3, 7

*Jowers v. DME Interactive Holdings, Inc.*, No. 00 Civ. 4753, 2006 U.S. Dist. LEXIS 32536 (S.D.N.Y. May 22, 2006)...........................................................................15

*Kidder Peabody & Co. Inc., v. IAG International Acceptance Group N.V.*, 94 Civ. 4725, 1999 U.S. Dist. LEXIS 132 (S.D.N.Y. Jan. 13, 1999)...................................................4

*Merritt v. FirstEnergy Corp.*, Case No. 1:05-CV-00586, 2008 U.S. Dist. LEXIS 884 (N.D. Ohio Jan. 7, 2008)..............................................................................................4

*Meschino v. International Telegraph & Telegraph Corp.*, 661 F. Supp. 254 (S.D.N.Y. 1987) ......................................................................................................................15

*Peck v. Hudson City School District*, 100 F. Supp. 2d 118 (N.D.N.Y. 2000) .............................14

*Perry v. Metropolitan-North Commuter Railroad*, 716 F. Supp. 61 (D. Conn. 1989) ...................3

*Washington v. Department of Transportation*, 8 F.3d 296 (5th Cir. 1993) ..................................14

## **FEDERAL STATUTES**

Fed. R. Civ. P. 26 ...................................................................................10, 11, 12, 13, 14

Fed. R. Evid. 401 ....................................................................................................4, 9

Fed. R. Evid. 402 ....................................................................................................4, 9

Fed. R. Evid. 403 ....................................................................................................8, 9

Fed. R. Evid. 802 .......................................................................................................9

## PRELIMINARY STATEMENT

Defendants Revlon, Inc. ("Revlon"), Dr. Robert Krasner and Linda Piacentini, by and through their undersigned attorneys, respectfully submit this Memorandum of Law in support of their motion in limine seeking to exclude improper, irrelevant and/or prejudicial evidence and testimony from the trial of this matter.  On May 12, 2009, the Court issued a Memorandum Decision and Order Granting In Part and Denying In Part Defendants' Motion for Summary Judgment (the "SJ Order").[1]  As a result of the SJ Order, only Plaintiff's disability discrimination claims based on her termination of employment will proceed to trial.  All of Plaintiff's other claims have been dismissed.  Defendants now respectfully submit that an order should be issued limiting the evidence and testimony at trial in the following manner:

    (1)    excluding any evidence or testimony relating to the claims dismissed by this Court's SJ Order;

    (2)    excluding Plaintiff's "Timeline/diary" which contains irrelevant, inadmissible, and/or prejudicial information which was not prepared contemporaneously with the events described therein;

    (3)    excluding Plaintiff's treating physician, Judith Gold, from testifying as an expert at trial or from offering any opinion testimony;  and

    (4)    limiting Plaintiff's evidence in support of her claims for back and front pay beyond the date Revlon closed the Medical Services Department.

For the reasons set forth herein, Defendants request the Court grant their motion.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On or about January 10, 2008, Plaintiff filed her Complaint ("Complaint") in this Court (Kozak Aff. Ex. "B").   The Complaint asserted ten causes of action against Revlon and

---

[1]    A true and correct copy of the SJ Order is attached to the accompanying Affirmation of Jonathan M. Kozak, Esq. (hereinafter "Kozak Aff.") as Exhibit "A".

two individually named defendants, Dr. Robert Krasner and Linda Piacentini.   The causes of

action set forth in the Complaint include:

<blockquote>

*1st Claim* -   Failure to provide a reasonable accommodation and termination because of Plaintiff's alleged disability in violation of the Americans with Disabilities Act ("ADA") against Revlon;

*2nd Claim* -   Discrimination in violation of the Pregnancy Discrimination Act ("PDA") against Revlon;

*3rd Claim* -   Interference with Plaintiff's rights under the Family and Medical Leave Act ("FMLA") against all Defendants;

*4th Claim* -   Retaliation in violation of the FMLA against all Defendants;

*5th Claim* -   Disability discrimination and failure to provide a reasonable accommodation in violation of the New York State Human Rights Law ("NYSHRL") against Revlon;

*6th Claim* -   Sex discrimination in violation of the NYSHRL against Revlon;

*7th Claim* -   Aider and abettor liability against Ms. Piacentini for violating the NYSHRL;

*8th Claim* -   Aider and abettor liability against Dr. Krasner for violating the NYSHRL;

*9th Claim* -   Disability discrimination and failure to provide a reasonable accommodation in violation of the New York City Human Rights Law ("NYCHRL") against Revlon; and

*10th Claim* -   Sex discrimination and failure to provide a reasonable accommodation in violation of the NYCHRL against Revlon.

</blockquote>

In the Complaint, Plaintiff sought unspecified back pay, front pay, compensatory

and punitive damages and attorneys' fees and costs.   On February 4, 2008, Defendants filed an

answer to Plaintiff's Complaint denying all of the material allegations of unlawful conduct, and

asserting various affirmative defenses.   (Kozak Aff. Ex. "C").

Following discovery, Defendants filed a Motion for Summary Judgment pursuant

to Rule 56 of the Federal Rules of Civil Procedure seeking to dismiss Plaintiff's claims in their

entirety or, in the alternative, to limit Plaintiff's claim for back pay and alleged punitive

damages.  On May 12, 2009, the Court summarily dismissed all of Plaintiff's causes of action, except her claims for disability discrimination under the ADA, NYSHRL, and NYCHRL as well as related claims for individual liability under the NYSHRL (Causes of Action Nos. 1, 5, 7, 8, 9 and part of 10).  The Court held Plaintiff's FMLA claims, and pregnancy discrimination claims under the PDA, NYSHRL, and NYCHRL (the "Pregnancy Discrimination Claims"), were insufficient as a matter of law and granted Defendants' motion for summary judgment as to those claims.  Defendants, however, anticipate that Plaintiff will seek to introduce evidence related to the dismissed claims as well as other improper, irrelevant and prejudicial evidence addressed herein.

### POINT I

### PLAINTIFF SHOULD NOT BE PERMITTED TO OFFER EVIDENCE CONCERNING THE CLAIMS DISMISSED BY THIS COURT TO SUPPORT HER REMAINING DISABILITY DISCRIMINATION CLAIMS.

A party may not proffer evidence at trial relating to substantive claims that have either been dismissed or will not be decided at trial.   See, e.g., Jones v. N.Y.C. Health and Hospital Corp., Case No. 00 Civ. 7002, 2003 U.S. Dist. LEXIS 9014, at *2 (S.D.N.Y. May 29, 2003) (barring plaintiff from introducing any evidence relating to his dismissed national origin discrimination claim); see also Merritt v. FirstEnergy Corp., Case No. 1:05-CV-00586, 2008 U.S. Dist. LEXIS 884, at *2 (N.D. Ohio Jan. 7, 2008) (granting the defendant's motion to exclude any testimony or evidence related to the plaintiff's race discrimination claim).[2]

For example, in Perry v. Metro-North Commuter Railroad, 716 F. Supp. 61 (D. Conn. 1989), the plaintiff commenced an action to recover damages for, inter alia, loss of

---

[2]       Copies of unreported decisions are attached as Exhibit "D" to the Kozak Affirmation.

consortium.  The court dismissed the loss of consortium claim and held, "As there be no claim for loss or consortium, that portion of the complaint which asserts such a claim is dismissed *and no evidence will be admitted for that purpose.*"  Id. at 64 (emphasis added).  Furthermore, in Kidder Peabody & Co. Inc., v. IAG International Acceptance Group N.V., 94 Civ. 4725, 1999 U.S. Dist. LEXIS 132 (S.D.N.Y. Jan. 13, 1999), the plaintiff attempted to introduce evidence regarding a lost profits claim that was dismissed by the Court in an earlier decision. Accordingly, Kidder Peabody sought an order precluding the disputed evidence.  Senior District Judge Haight held, "I will not allow IAG to bootstrap the admission of evidence relating to its dismissed [claim] into its punitive damages claim."  Id. at *12.  In Baxter Diagnostics, Inc., v. Novatek Medical Inc., 94 Civ. 5220, 1998 U.S. Dist. LEXIS 15093 (S.D.N.Y. Sept. 25, 1998), after dismissing both parties punitive damages claims, Magistrate Peck precluded all evidence relating to those claims.  Lastly, in Allan v. Springville City, 2:00CV887K, 2003 U.S. Dist. LEXIS 27190, at *8-9 (D. Utah May 16, 2003), the district court granted the employer's motion for summary judgment dismissing all of the plaintiff's claims, except for her due process cause of action.  In response to the employer's motion in limine, the district court precluded a variety of evidence related to the plaintiff's dismissed sexual harassment, pregnancy, race and national origin discrimination claims.  As such, any evidence and/or testimony relating to Plaintiff's dismissed claims should be precluded from being offered at trial.

**A.**     **Evidence Regarding Claims Dismissed On Summary Judgment Is Irrelevant.**

Rule 401 provides evidence is relevant if it has a "tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence."  Fed. R. Evid. 401 ("Rule 401").  Evidence which is irrelevant to any issue or claim in an action tends to provide nothing of consequence and should be

excluded. Indeed, Rule 402 provides, "Evidence which is not relevant is inadmissible." Fed. R. Evid. 402 ("Rule 402").

Defendants anticipate that Plaintiff will attempt to support her claims at trial by introducing evidence, and/or testifying about the alleged facts that she claims support her FMLA claims and Pregnancy Discrimination Claims that were dismissed by this Court's SJ Order. The underlying facts relating to Plaintiff's dismissed FMLA and Pregnancy Discrimination Claims, however, are *not* at issue in the trial of this matter. The Court has already determined that the facts alleged by Plaintiff in support of her FMLA and Pregnancy Discrimination Claims fail as a matter of law. The only issues to be decided at trial relate to Plaintiff's remaining disability claims in connection with the termination of her employment in February 2006 and failure to reasonably accommodate Plaintiff. Any evidence relating to the alleged conduct that Plaintiff claimed in support of her FMLA and Pregnancy Discrimination Claims is irrelevant to the remaining disability claims. As a result, Plaintiff should be precluded from offering any testimony or evidence related to alleged incidents/comments that occurred prior to November 24, 2005, when Plaintiff's FMLA leave of absence expired.

In addition, Plaintiff should not be permitted to introduce the following, which have no relevance to Plaintiff's remaining claims of disability discrimination or failure to reasonably accommodate:

- deposition testimony identified in the witness list contained in Plaintiff's Pre-Trial Statement which relates to events that occurred prior to November 24, 2005;

- personnel file of Maya Waila;

- any evidence and/or testimony by witnesses identified in Plaintiff's Pre-Trial Statement related to events occurring prior to November 24, 2005;

- any evidence and/or testimony regarding Plaintiff's FMLA leave of absence (other than the fact that Plaintiff was provided 12 weeks of job-protected leave, during which she received her full pay and continuation of medical benefits), whether related to her request for leave, the administration of her leave, any purported interference with such leave, and/or any alleged retaliation for taking such leave;

- any evidence and/or testimony related to Bernadette Barry's pregnancy, including, but not limited to, her leave of absence, her purported replacement, or the separation of her employment;

- Dr. Krasner's alleged stray remarks, comments, statements and/or events occurring prior to November 24, 2005, including, but not limited to his alleged: unhappiness with Plaintiff's pregnancy, scheduling of Plaintiff's caesarean section and/or anticipated leave of absence; failure to prepare a written statement for the service award ceremony; failure to hire a temporary registered nurse practitioner in the Summer of 2005; request for Plaintiff to work during her FMLA leave, or any work related discussions that occurred during her FMLA leave;

- any testimony and/or evidence related to Victoria Heron;

- any stray remarks related to Plaintiff's FMLA leave and/or pregnancy;

- any testimony and/or evidence related to the issuance of a cell phone, company computer and wireless internet connection to Plaintiff, and her alleged performance of work during her FMLA leave;

- Plaintiff's purported anxiety experience from June through August 2005;

- any documents submitted to, or received from, the Equal Employment Opportunity Commission containing any of the such excluded information;

- the purported "Cortisol" and "Klonopin" incident, and

- Hospital Records from NY-Presbyterian and Payne-Whitney Psychiatric Center (Plaintiff's Trial Exhibits 2 and 3).[3]

The above alleged facts/incidents all occurred prior to the onset of Plaintiff's alleged disability following the birth of her child, and before the commencement of Plaintiff's purported disability leave and any need or request for a reasonable accommodation.  Moreover, the testimony and/or evidence set forth above was specifically addressed by the Court in its SJ Order and found insufficient to support Plaintiff's FMLA and Pregnancy Discrimination Claims.  This evidence has no relation to the facts and circumstances surrounding the termination of Plaintiff's employment or her alleged request for a reasonable accommodation in January or February 2006.  Introduction of this evidence would serve no legitimate evidentiary purpose and merely act as an end run around the Court's Summary Judgment Order.  See, e.g., Jones, 2003 U.S. Dist. LEXIS 9014, at *2 (barring plaintiff from introducing any evidence relating to his dismissed national origin discrimination claim).

Therefore, any testimony and/or evidence concerning events that occurred prior to November 24, 2005 are irrelevant to any remaining claim and should be excluded.

**B.**   **Evidence Regarding Claims Dismissed On Summary Judgment Should Be Precluded To Avoid Unfair Prejudice And Confusion Of The Issues.**

In the event the Court concludes any of the evidence at issue has some relevance to one or more remaining issues in the case, which Defendants contend it does not, the evidence should still be excluded because "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue

---

[3]      It is unclear what specific documents from the referenced "Hospital Records" will be offered by Plaintiff in evidence at trial.  Accordingly, in the interest of saving paper, Defendants have not attached to this motion all documents received from New York Presbyterian and Payne Whitney Psychiatric Center relating to Plaintiff.  If the Court would like copies of all document received from these institutions regarding Plaintiff, they will be provided upon request.

delay, [or] waste of time . . . ." Fed. R. Evid. 403 ("Rule 403"); see also DeFelice v. Amer. Int'l Life Assurance Co. of New York, 112 F.3d 61, 67 (2d Cir. 1997) ("relevant evidence is often excluded due to the risk of confusing or distracting the jury").

Without question, the jury's view of the Defendants would be significantly prejudiced by the presentation of the evidence discussed above.  The jury could use these allegations to conclude that the Defendants discriminated against Plaintiff in some manner, *notwithstanding* the fact that the Court found these same facts insufficient as a matter of law to support the dismissed claims.  The jury should not be permitted to draw this conclusion, and Plaintiff should not be permitted to re-litigate and present issues already decided by this Court as a matter of law.

Limiting instructions from the Court will not protect Defendants from the likely prejudice that will be caused if this evidence is presented to the jury.  Moreover, the subject evidence will confuse the jury.  As limited by the Court's SJ Order, the only issues for the jury to determine at trial are whether Plaintiff experienced an adverse employment action in February 2006, because of her purported disability, and/or whether Defendants failed to provide a reasonable accommodation.  The jury should not hear evidence relating to Plaintiff's dismissed claims of FMLA interference/retaliation or the alleged mistreatment of Plaintiff during and following her pregnancy.

Accordingly, the Court should prevent presentation of evidence relating to the dismissed claims that will prejudice Defendants and confuse the issues for the jury.

## POINT II

### PLAINTIFF SHOULD NOT BE PERMITTED TO OFFER IN EVIDENCE ANY VERSION OF HER TIMELINE/DIARY, WHICH CONTAINS IRRELEVANT, INADMISSIBLE AND/OR PREJUDICIAL INFORMATION, WHICH SHE DID NOT PREPARE CONTEMPORANIOUS WITH THE EVENTS DESCRIBED THEREIN.

In her proposed pretrial order, Plaintiff identifies her "Timeline/Diary" (Plaintiff's Ex. 11) as a document she plans to utilize at trial. Plaintiff's purported "Timeline/Diary" should be excluded because it contains numerous references to alleged facts/incidents completely unrelated to the remaining claims regarding the decision to terminate Plaintiff's employment or to reasonably accommodate her alleged disability. Most of the alleged facts/incidents set forth in the "Timeline/Diary" relate to Plaintiff's dismissed claims and, therefore, are irrelevant to the issues to be decided at trial. See Fed. R. Evid. 401 and 402.

In addition, the document is highly prejudicial and likely to confuse the jury. As mentioned above, the "Timeline/Diary" purports to chronologically outline events/incidents that have nothing to do with Plaintiff's remaining disability claims. If the jury is permitted to consider the "Timeline/Diary," Defendants will be forced to litigate issues already decided by the Court. Accordingly, the Court should prevent presentation of the "Timeline/Diary" because it will prejudice Defendants and confuse the issues for the jury. See Fed. R. Evid. 403.

The "Timeline/Diary" also contains hearsay inadmissible pursuant to Rule 802 of the Federal Rules of Evidence. Pursuant to Rule 802, hearsay "is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." Fed. R. Evid. 802. At her July 23, 2008 deposition, Plaintiff admitted that she did not prepare the document contemporaneously with the events reflected in

the document. (Pl. Tr. 66).[4]  Plaintiff confirmed, in fact, that she prepared the "Timeline/Diary" after she commenced this litigation.  (Pl. Tr. 66-67).  Plaintiff also admitted she prepared the "Timeline/Diary" based solely on her recollection of the events described therein.  The "Timeline/Diary" is thus inadmissible hearsay and not subject to any of the hearsay exceptions.  Accordingly, Plaintiff should not be permitted to introduce at trial Plaintiff's Exhibit 11.[5]

## POINT III

### PLAINTIFF'S TREATING PHYSICIAN, JUDITH GOLD, SHOULD NOT BE PRESENTED AS AN EXPERT AT TRIAL, NOR SHOULD DR. GOLD BE PERMITED TO OFFER ANY OPINION TESTIMONY.

In Plaintiff's proposed Pretrial Order, she identifies Judith Gold as a "witness" for trial.  Although Plaintiff does not specify the subjects of Dr. Gold's testimony, Defendants anticipate Plaintiff may again belatedly attempt to offer Dr. Gold as an expert witness and seek to have Dr. Gold provide opinion testimony.  Dr. Gold was neither properly nor timely identified as an expert witness for trial.  Moreover, Magistrate Judge Michael H. Dolinger already addressed this issue, and denied Plaintiff's request to designate Dr. Gold as an expert and submit an expert report.  As such, Defendants renew their objection to any attempt by Plaintiff to designate Dr. Gold as an expert witness or to elicit any opinion testimony at trial.

As explained below, Plaintiff failed to comply with this Court's scheduling order regarding the identification of expert witnesses for trial.  She also failed to adhere to any of the identification and substantiation requirements of Federal Rule of Civil Procedure 26(a)(2).  As a

---

[4]    True and correct copies of the relevant pages from Plaintiff's July 23, 2008 deposition are attached to the Kozak Affirmation as Exhibit "E" and cited to herein as "Pl. Tr. __."
[5]    Plaintiff also produced during discovery a version of the "Timeline/Diary" that contained her various handwritten notes.  Defendants do not know which version(s) of the document she intends to attempt to introduce at trial.  Nevertheless, the instant request to preclude applies to any version of the document that Plaintiff may offer to introduce at trial.

result, and in accordance with Magistrate Judge Dolinger's October 8, 2008 ruling, Dr. Gold should be precluded from being designated as an expert witness. Moreover, if Dr. Gold appears as a witness at trial, her testimony must be limited to her treatment and care of Plaintiff's alleged condition. Dr. Gold should be precluded from offering opinions regarding the reasons for Plaintiff's alleged condition, and/or any other alleged emotional distress.

## A.   Plaintiff Failed To Comply With The Applicable Discovery Deadlines.

On March 24, 2008, the Court So Ordered the Parties' proposed Civil Case Management Plan ("CCMP"). The CCMP provided that Plaintiff must identify an expert and serve a Rule 26(a)(2) report by June 25, 2008. Plaintiff failed to comply with this deadline.

On August 1, 2008, Defendants submitted a letter to Magistrate Judge Dolinger to address several discovery issues, including Plaintiff's failure to identify an expert, and provide an expert report.[6] Plaintiff submitted correspondence to the Court on August 4, 2008 responding to Defendants' letter. In the August 4, 2008 correspondence, Plaintiff, for the first time, requested additional time to "complete its expert disclosure [of] Dr. Gold." According to Plaintiff, she was unable to communicate with Dr. Gold, and obtain an expert report, because "Dr. Gold has been unavailable because she has been out on maternity leave." Notwithstanding the excuse, Plaintiff did not explain why she failed to alert Defendants or the Court to Dr. Gold's unavailability previously. Plaintiff also did not explain why she failed to obtain the expert report from Dr. Gold either prior to or following Dr. Gold's period of unavailability.

---

[6]    The referenced correspondence, and other written communications between counsel, as well as letters submitted to the Court, are attached as Exhibit "F" to the Kozak Affirmation. For the Court's convenience, the portions of the correspondence that relate to the Dr. Gold issue have been marked.

To resolve the outstanding discovery issues, the Parties appeared before Magistrate Judge Dolinger on August 11, 2008.[7]  At the conference, Magistrate Judge Dolinger directed Plaintiff's counsel to bring any CCMP deadline extension issues to Judge McMahon. (Tr. at 2).  Plaintiff's counsel said she would present the issue to Judge McMahon. (Tr. at 11-12). Plaintiff's counsel did not raise the issue with Your Honor before the close of discovery (August 22, 2008), or prior to October 6, 2008 - - the deadline for filing the pretrial order and motions for summary judgment.

On October 6, 2008, almost two months after the discovery conference with Magistrate Judge Dolinger, Plaintiff submitted a letter to the Court and attempted to revive the issue of her failure to identify an expert and serve an expert report.  At an October 8, 2008 Conference, Magistrate Judge Dolinger denied Plaintiff's request to designate Dr. Gold as an expert and submit an expert report.  The issue regarding the permissible scope of Dr. Gold's testimony to the Court was deferred to this Court.

**B.**    <u>**Dr. Gold Was Not Properly, Or Timely, Identified As An Expert Witness.**</u>

As demonstrated above, Plaintiff did not timely identify Dr. Gold as an expert witness, as required by Fed. R. Civ. P. 26(a)(2)(A).  Plaintiff, in fact, failed to timely identify any individual to testify as an expert at trial.  On March 31, 2008, Plaintiff submitted her Rule 26 initial disclosures and identified Dr. Gold as a "witness"; but not an expert witness. Additionally, in response to Defendants' Interrogatory No. 5, which requested that Plaintiff identify "any and all experts contacted and/or retained by you for purposes of this litigation...," Plaintiff affirmatively responded "None."  To date, Plaintiff has not amended her interrogatories, as required by Rule 26(e)(2).  <u>See</u> Fed. R. Civ. P. 26(e)(2) ("[a] party is under a duty seasonably

---

[7]     A copy of the transcript from the August 11, 2008 Conference is attached as "Exhibit "G" to the Kozak Affirmation and referred to hereinafter as "Tr.__ ".

to amend a prior response to an interrogatory . . . if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing").

Plaintiff first implied that she had intended to identify Dr. Gold as an expert in her August 2008 correspondence to the Court, more than a month after the CCMP deadline for Plaintiff to identify an expert and provide a report expired. Ironically, Plaintiff's August 2008 correspondence was submitted in response to Defendants' letter requesting the Court's assistance to compel Plaintiff's mental examination so their expert may timely complete and serve a report in accordance with the CCMP deadline applicable to Defendants' expert.

In addition, Plaintiff did not, and still has not, provided Defendants with a written report containing the informational requirements outlined in Rule 26. Specifically, to date, Plaintiff has not provided Defendants with a complete statement of the opinions to be expressed by Dr. Gold; the data or other information considered by Dr. Gold in forming her opinion(s); any exhibits to be used as a summary of or support for Dr. Gold's opinion(s); Dr. Gold's qualifications; the compensation to be paid Dr. Gold for her testimony or the other cases in which Dr. Gold has testified as an expert at trial or by deposition within the past four years. See Fed. R. Civ. P. 26(a)(2)(B).

Given Plaintiff's repeated failure to comply with both Rule 26, and the Court's directions and orders, and in accordance with Magistrate Judge Dolinger's October 8, 2008 ruling, Plaintiff should be precluded from designating Dr. Gold as an expert.

**C.     Dr. Gold Should Be Precluded From Offering Any Opinion Testimony.**

If Plaintiff calls Dr. Gold to testify as a witness at trial, Defendants expect Plaintiff will attempt to elicit Dr. Gold's opinion regarding the cause and/or exacerbation of

Plaintiff's alleged medical condition.  Dr. Gold should be precluded from offering any opinion testimony because, for the reasons stated above, Dr. Gold is a fact, and not an expert, witness.

In her Rule 26(a) disclosures, Plaintiff identified Dr. Gold as a fact witness with knowledge of Plaintiff's claims.   Plaintiff has not properly identified Dr. Gold as an expert witness to offer opinion testimony regarding either the purported causes of Plaintiff's condition or any alleged emotional damages.  In addition, as discussed above, Plaintiff repeatedly failed to provide Defendants with an expert report.  Plaintiff's failure to timely identify an expert and provide a corresponding expert report should preclude Dr. Gold from testifying as an expert. Plaintiff's ability to present testimony from Dr. Gold, consequently, is limited to Dr. Gold's personal knowledge of the examination, diagnosis, and treatment of Plaintiff.  Dr. Gold, and any other testifying physician[8], must be precluded from providing any opinion testimony.  If Dr. Gold was retained to testify as an expert witness and provide opinion testimony, Plaintiff was required to comply with the provisions of Rule 26(a)(2)(B) and the CCMP.  See Peck v. Hudson City School District, 100 F. Supp. 2d 118, 121 (N.D.N.Y. 2000).  Plaintiff failed to do so and, as a result, Dr. Gold can only testify as a lay witness.  Speculative opinion testimony from a lay witness is inadmissible.  See Washington v. Department of Transportation, 8 F.3d 296, 300 n. 10 (5th Cir. 1993).

Based on the foregoing, Dr. Judith Gold's anticipated conclusory opinion testimony should be precluded as a matter of law.

---

[8]      Besides Dr. Gold, Plaintiff has not identified any other physician, in any manner, to testify either as a fact or expert witness.

## POINT IV

## PLAINTIFF SHOULD BE PRECLUDED FROM PRESENTING EVIDENCE OF BACK PAY DAMAGES FROM AFTER DECEMBER 15, 2006.

Plaintiff should be precluded from seeking any back pay damages after approximately December 15, 2006, when it is undisputed that her employment would have been terminated. Revlon underwent two significant corporate downsizings in 2006. During the second reduction, the 3-person department where Plaintiff worked (Revlon's Medical Services Department) was eliminated, including Dr. Krasner's position and Plaintiff's former position. As a result, effective December 15, 2006, the person who had filled Plaintiff's former position in February 2006 (Judith Yadda) also had her employment terminated. (Kozak Aff. Ex. "H").

There is no allegation or any record evidence supporting any contention that Plaintiff's employment with Revlon would have continued after December 15, 2006 regardless of the prior termination of her employment (whether lawful or not) in February 2006. Consequently, Plaintiff's claims for wages must cease as of December 15, 2006, and Plaintiff should not be permitted to present evidence of back pay or front pay damages after that date. See Jowers v. DME Interactive Holdings, Inc., No. 00 Civ. 4753, 2006 U.S. Dist. LEXIS 32536 (S.D.N.Y. May 22, 2006) (plaintiff may not recover back pay beyond her position's elimination date); Meschino v. Int'l Tel. & Tel. Corp., 661 F. Supp. 254, 257-58 (S.D.N.Y. 1987) (same).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion in Limine in its entirety.

Respectfully submitted,

JACKSON LEWIS LLP

One North Broadway, 15th Floor
White Plains, New York 10601
(914) 328-0404
(914) 328-1882 Facsimile

59 Maiden Lane, 39th Floor
New York, New York 10038
(212) 545-4000
(212) 972-3213 Facsimile

By: _____
James R. Williams (JW 3006)
williamj@jacksonlewis.com
Todd H. Girshon (TG 7947)
girshont@jacksonlewis.com
Jonathan M. Kozak (JK 9619)
kozakj@jacksonlewis.com
*ATTORNEYS FOR DEFENDANTS*

Dated:   May 19, 2009
White Plains, New York
New York, New York

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JACKSON LEWIS LLP

One North Broadway, 15th Floor
White Plains, New York 10601
(914) 328-0404
Jonathan M. Kozak (JK 9619)

59 Maiden Lane, 39th Floor
New York, New York 10038
(212) 545-4000
James R. Williams (JW 3006)
Todd H. Girshon (TG 7947)

*Attorneys for Defendants*

------------------------------------------------x

LISA M. REILLY

                            Plaintiff,

           - against -                    Case No. 08 CV 0205 (CM)(MHD)

REVLON, INC., DR. ROBERT KRASNER,
and LINDA PIACENTINI,

                        Defendants.

------------------------------------------------x

## <u>CERTIFICATE OF SERVICE</u>

    I, hereby certify that a true and correct copy of Defendants' Memorandum Of

Law In Support Of Their Motion In Limine, was served via ECF and Federal Express overnight

mail, postage prepaid, on May 19, 2009 upon:

Evan Sarzin, Esq.
Law Offices of Evan Sarzin, P.C.
40 Exchange Place, Suite 1300
New York, New York 10005
*Attorneys for Plaintiff*

Jonathan M. Kozak