UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

LISA M. REILLY,

        Plaintiff,

    -against-                                    08 Civ. 205 (CM)(MHD)

REVLON, INC., ROBERT C. KRASNER and
LINDA PIACENTINI,

        Defendants.

--------------------------------------------------------------x

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/9/09
```

### DECISION AND ORDER RULING ON ALL IN LIMINE MOTIONS

McMahon, J.:

    The court, for its ruling on all pending motions in limine:

**Defendants' Motions In Limine**

    1. Defendant's motion to limit testimony regarding the plaintiff's pregnancy is granted in substantial part.

    The court has already dismissed many of plaintiff's claims – specifically her claims relating to pregnancy discrimination and FMLA. Her remaining claim is for disability discrimination due to her post-partum depression: the issues to be tried include whether plaintiff was disabled (under federal law), whether her supervisor (Dr. Krasner) perceived her to be disabled, and whether the accommodation she sought (temporary part time work) was a reasonable accommodation. Therefore, much of plaintiff's story is irrelevant and potentially prejudicial. Furthermore, the pregnancy and depression issues, while not unrelated, are not so inextricably intertwined as to require plaintiff to talk about, for example, the fact that her fellow nurse, who was pregnant at the same time as plaintiff, did not come back to work after her pregnancy. And the court does not want to be in the position of explaining to the jury that there are claims in suit that have already been dismissed, because it may cause the jury to conclude that the court has given its imprimatur to the claim that remains to be adjudicated. I have, of course, done no such thing.

    Some testimony about plaintiff's pregnancy, however, is necessary as background to her mental health disability claim, because her depression began during or shortly after her pregnancy and appears to have been what is known as post-partum depression. Therefore, I cannot grant defendant's motion to limit testimony to events that took place after November 24, 2005, since

her disability began prior to that date.

Plaintiff may testify that her depression was rooted in her pregnancy. She may testify that she experienced anxiety prior to the birth of her child and that she discussed her anxiety with Dr. Krasner, who suggested medication. This aspect of plaintiff's pre-childbirth situation is necessary because it gives background that may prove relevant to assessing whether Dr. Krasner perceived that plaintiff was later disabled by virtue of depression.

Plaintiff may not testify that she was worried about not having a job to return to after her pregnancy, because her claims that she lost her job because of her pregnancy or because she took FMLA leave have been dismissed – principally as a result of plaintiff's own testimony, in which she conceded that Revlon would have allowed her to return to work when her FMLA leave expired in November 2005. She may not testify about Bernadette Barry's failure to return to work, because the evidence was undisputed that the other nurse did not return to work because she decided to stay home with her child (no evidence having been introduced on the motion for summary judgment to dispute this fact, it is deemed established for purposes of this lawsuit). She may not testify that Ms. Barry's failure to return to work caused or contributed to her pre-childbirth anxiety – it is not necessary for the jury to hear about the CAUSES of that anxiety, only to know that plaintiff was exhibiting symptoms of mental health problems in the months just prior to the birth of her child.

She will of course testify about the onset of her depression and her hospitalization at Payne Whitney in the weeks following the birth of her child. And she will testify about her post-hospitalization course of treatment. Hospital records from Payne Whitney and NY Presbyterian will have to be carefully redacted, but because they deal with post-partum depression, they are not completely inadmissible. The parties will need to give me proposed versions of what should and should not come in; I will not rule in a vacuum. However, having nothing come in is not an option and having everything come in is not an option. I should note that these records are of marginal relevance, because the real issue in this case is plaintiff's condition in January and February 2005, not her condition in September and early October 2005.

There will be no testimony about the alleged work plaintiff did during her FMLA leave, because the only thing that is relevant to is her claim for FMLA violations, which has been dismissed. Furthermore, the undisputed evidence on summary judgment established that the only work plaintiff actually did during her FMLA leave was to respond to a few telephone calls that were in the nature of providing information – which, as a matter of law, does not violate FMLA.

The only difficult part of the motion is deciding whether to admit testimony about Dr. Krasner's alleged unhappiness with plaintiff's pregnancy and the accompanying stray remarks and complaint about the scheduling of her caesarian. I conclude that the probative value of these matters is slight to nonexistent with respect to plaintiff's surviving claim for disability discrimination and so will not allow any such testimony.

FMLA should not be mentioned at the trial, unless some party wants to identify the 12 weeks of leave that plaintiff took following the birth of her child as FMLA leave. If FMLA comes

up in any substantive way, the court will advise the jury that Revlon complied with all of its obligations under FMLA in this case.

Documents submitted to the EEOC are hearsay and will not be admitted into evidence. I follow that rule in every discrimination case. Plaintiff may be cross examined based on statements made to the EEOC, but the filings themselves are not evidence and may not be shown or read to the jury.

If plaintiff attempts to reintroduce aspects of the case that I do not deem necessary as background into her testimony, I will give the jury any instructions that I feel are necessary to dispel any notion that we are trying a claim of pregnancy discrimination.

2. Plaintiff's time line/diary – a document prepared by plaintiff for litigation purposes – will not be admitted into evidence – not in whole, not in redacted form, not in any form. It is hearsay and contains irrelevant and potentially prejudicial information. Plaintiff may keep it with her and use it to refresh her recollection if necessary, but it will not be shown to the jury or otherwise alluded to during the trial.

3. Plaintiff's treating physician, Judith Gold will be allowed to testify. Treating physicians do not need to be designated as experts in order to testify. Furthermore, treating physicians, like all other fact witnesses, may give opinion testimony about plaintiff's condition and emotional damages pursuant to Fed. R. Ev. 702. I am not persuaded by any of the references to litigation before Magistrate Dolinger. The motion to exclude or limit Dr. Gold's testimony is denied in all respects.

4. At present, it is my intention that the issues relating to whether plaintiff would have remained employed at Revlon after December 15, 2006 will be submitted to the jury, which will be instructed that if they conclude that plaintiff's job would have been eliminated by December 15, 2006, as a matter of law plaintiff cannot recover any back pay damages from and after that date. The jury will be asked to respond to an interrogatory on that point. I may change my mind if I conclude that a verdict should be directed on this point at the close of testimony, but I will not rule on this issue prior to trial. Therefore, the motion in limine is denied without prejudice to raising this issue on a proper motion for directed verdict.

5. I said that I would decide whether to submit the issue of punitive damages to the jury at the trial. I will decide it at the trial.

**Plaintiff's Motion in Limine**

Plaintiff's motion to preclude defendant's expert from testifying is denied.

This constitutes the decision and order of the court on the motions in limine. All such motions should be marked "decided" and removed from the court's list of pending motions.

Dated: September 9, 2009

                                                                                                              _____
                                                                                                                   U.S.D.J.

BY ECF TO ALL COUNSEL