UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| LISA M. REILLY, | ) |
|---|---|
| Plaintiff, | ) |
| | ) Civil Action |
| | ) Case No. 08 CV 0205 (CM) (MHD) |
| | ) |
| | ) **PLAINTIFF'S PROPOSED** |
| REVLON, INC., ROBERT C. KRASNER | ) **VOIR DIRE** |
| and LINDA PIACENTINI, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff, LISA M. REILLY, by and through her undersigned counsel, respectfully proposes that the following questions be used by the Court during voir dire examination of prospective jurors prior to trial in addition to the ordinary inquiry regarding impartiality, physical ability to serve, personal background, participation in legal proceedings, familiarity with the legal system, the legal process, individuals within the legal system, and closing questions:

## Nature of the Case:

This is a case filed by Lisa Reilly claiming that she was an excellent employee for over ten years but when she became pregnant and suffered from post partum depression, she was terminated without regard to her ability to return to work and despite the fact that a temporary employee was in her position when she attempted to return to work. Lisa Reilly claims that Revlon terminated her employment in violation of both laws against discrimination against persons with disabilities and in violation of Revlon's own policies on accommodating an employee's return to work.

## General Questions:

1. Have you heard anything about this case?

2. Have any of you read anything in the newspapers, on the Internet, or seen anything on television about this case?

3. Do any of you have any knowledge of the facts or events in, or have any interest in the outcome of this case?

## Questions Regarding Parties in this Case:

4. Do you or, to your knowledge, does any member of your immediate family, know the Plaintiff Lisa M. Reilly? If yes, what is the nature of your relationship or association? Would any such relationship or association prevent you from rendering a fair and impartial verdict?

2. Lisa Reilly is represented by Evan Sarzin, Esq. and his law firm, EVAN SARZIN, PC and Kim Townsend, of counsel to EVAN SARZIN, PC. Do you know, or have you had any dealings, personal or business, with Lisa Reilly's attorneys or their law firm?

3. The defendant Revlon is represented by Jackson Lewis LLP, attorneys Todd Girshon and Jonathan Kozak. Do you know, or have you had any dealings, personal or business, with Revlon, Revlon's attorneys or their law firm?

4. Do you, or does any member of your family, have any business dealings, past present or future with defendant Revlon? Do you, or any member of your family, have any relationship with Revlon? If yes, what is the nature of your relationship or interest? Would any such relationship or interest prevent you from rendering a fair and impartial verdict?

5. Do you know anyone or do you have any family or friends who know anyone employed by Revlon or Jackson Lewis?

6. Have you seen, read or heard anything about this case before coming here today that might make it difficult for you to be fair and impartial?

7. Below is a list of names of people who may be called as witnesses in this case:

    Lisa Reilly

    Erin Reilly

    Dr. Judith (Jodi) Gold

    Judith Yadda

Mary Massimo

Linda Piacentini

Debbie Goon

Dr. Robert Krasner

Helene Pliner

Gregory Rogers

Laurie Sammons

Dr. Steven Simring

Myriam Ovalle

Are you or anyone close to you acquainted with any of the people, organizations, or firms and if so, please provide details as to the relationship, how you know the individuals, what is your knowledge of them, how long you have known or known about them, whether you or anyone you know have, has or had any personal or business dealings with any of the proposed witnesses? Do you have any feelings or opinions about such individuals?

## Questions Regarding Issues in this Case:

8. As stated, this is a case filed by Lisa Reilly claiming that she was an excellent employee for over ten years but when she became pregnant and suffered from post partum depression, she was terminated without regard to her ability to return to work and despite the fact that a temporary employee was in her position when she attempted to return to work. Lisa Reilly claims that Revlon terminated her employment in violation of both laws against discrimination against persons with disabilities and in violation of Revlon's own policies on accommodating an employee's return to work. Have you heard anything about this case or any similar cases before? Have you formed any opinions about such cases? If so, what are those opinions? Do you believe that these opinions will affect your ability to serve impartially as a juror in this case?

9. Have you, your spouse, any member of your family or a close personal friend ever had to terminate an employee? If so, please describe your experience and knowledge as well as the circumstances.

10. Do any of you have any education, training or experience with respect to handling human resources issues, equal employment opportunity, affirmative action or matters involving disabilities?

3

11. Have you, your spouse, any member of your family or a close personal friend ever been charged with a claim of discrimination? Please describe your experience and knowledge as well as the circumstances. Was a charge or lawsuit ever filed in state or federal court because of alleged discrimination? If yes, what was the outcome? Were you, or the individual involved, satisfied or dissatisfied with the outcome? Do you believe that these matters will affect your ability to serve impartially as a juror in this case?

12. Do you believe that every person fired must have been fired for a lawful reason?

13. Do you believe that the workplace is no place for a woman who wishes to have children?

14. How do you feel about persons with disabilities working and being gainfully employed? Do you have any personal experience in this regard?

15. Do you know of any reason why you would be unable to give the plaintiff Lisa Reilly or the defendants a fair trial based solely on the evidence admitted at trial and the instructions given by the Court?

Dated: New York, NY
September 10, 2009

Respectfully submitted.

Evan Sarzin, Esq.
EVAN SARZIN, PC
40 Exchange Place, Suite 1300
New York, NY 10005
(212) 344-6500

TO: JACKSON LEWIS, LLP
Attorneys for Defendants
One North Broadway, 15th Floor
White Plains, NY 10601
Jonathan M. Kozak, Esq.

59 Maiden Lane
New York, NY 10038
James R. Williams, Esq.
Todd H. Girshon, Esq.